UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

In re:

AMY C. PORTER,                              No. 09-43604

          Debtor(s).            **ORDER DENYING MOTION TO MAKE**
                                            **AUTOMATIC STAY PERMANENT**

    Debtor has moved for an order to make the automatic stay "permanent." (Docket no. 9).

    What they really want is an order that prevents the stay from terminating in accordance with 11 U.S.C. § 362 (c)(3)[1] or (4)[2], because

---

[1]    Which provides, in pertinent part:

[I]f a single or joint case is filed by or against debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b)--

(A) the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case[.]

[2]    Which provides, in pertinent part:

(4)(A)(i) if a single or joint case is filed by or against a debtor who is an individual under this title, and if 2 or more single or joint cases of the debtor were pending within the previous year but were dismissed, other than a case refiled under section 707(b), the stay under subsection (a) shall not go into effect upon the filing of the later case; and

(ii) on request of a party in interest, the court shall promptly enter an order confirming that no stay is in effect[.]

09-43604-Porter
ORDER DENYING MOTION TO MAKE AUTOMATIC STAY PERMANENT - 1 of 3

they have had pending, within the previous year, a case which was dismissed.

The motion was properly noted for hearing and properly noticed to all creditors; there are no objections. However, the proposed order contained language stating that "the automatic stay . . . shall remain in force permanently during this case as to all creditors of the debtors[.]" and ". . ., but the stay will not automatically expire." Further, it is styled "Order Making Automatic Stay Permanent." The style of the order and the language proposed ignores the preceding sub-paragraphs, 11 U.S.C. § 362(c)(1) and (2), which provide for termination of the stay by operation of law:

> (c) Except as provided in subsections (d), (e), (f), and (h) of this section--
>
>> (1) the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate;
>>
>> (2) the stay of any other act under subsection (a) of this section continues until the earliest of--
>
> (A) the time the case is closed;
>
> (B) the time the case is dismissed; or
>
> (C) if the case is a case under chapter 7 of this title concerning an individual or a case under chapter 9, 11, 12, or 13 of this title, the time a discharge is granted or denied[.]

////

////

////

////

////

09-43604-Porter
ORDER DENYING MOTION TO MAKE AUTOMATIC STAY PERMANENT - 2 of 3

1    I do not think it appropriate to enter orders, particularly those

2  impacting all creditors and parties in interest, which needlessly

3  generate possible confusion.   Accordingly, I decline to sign the

4  proposed order, but will enter an appropriate and narrowly crafted order

5  if presented promptly.

6    **/// – END OF ORDER – ///**

7    _____
     Philip H. Brandt
8    United States Bankruptcy Judge
     (Dated as of "Entered on Docket" date above)

9

10

11
     SERVED BY BNC
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   09-43604-Porter
     ORDER DENYING MOTION TO MAKE AUTOMATIC STAY PERMANENT - 3 of 3